

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1094-20

### KENDALL BIGGS, Appellant

### V.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TEXARKANA COURT OF APPEALS
### SMITH COUNTY

*Per curiam.* **YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

### O P I N I O N

Appellant was convicted of burglary of a habitation and ultimately sentenced to eleven years in prison. In the bill of costs, the trial court assessed Appellant a $25 time payment fee and an additional time payment fee of $15 to be assessed if any part of a fine,

court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs, or restitution is entered. *See* TEX. LOCAL GOV'T CODE § 133.103. On appeal, the Court of Appeals struck a portion of that fee as being unconstitutional. *Biggs v. State*, No. 06-20-00062-CR (Tex. App. – Texarkana October 20, 2020).

The State has filed a petition for discretionary review challenging the court's constitutional analysis. We recently handed down our opinion in *Dulin v. State*, Nos. PD-0856-19 & PD-0857-19, 2021 Tex. Crim. App. LEXIS 273 (Tex. Crim. App. Mar. 31, 2021), in which we held that the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs. As a result, there was no need to reach the State's constitutional arguments.

We grant review on our own motion of the following ground:

Should the "Time Payment Fee" be struck as prematurely assessed?

Addressing that ground in light of *Dulin*, we vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion. The State's petition is refused.


DATE DELIVERED: May 12, 2021
DO NOT PUBLISH